IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHNNY R. WOODRUFF, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06cv56 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| NEBRASKA PAROLE BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 8, the Motion to Withdraw in which the plaintiff, Johnny R. Woodruff, a prisoner, moves for voluntary dismissal of the above-entitled case. The plaintiff had sought to bring this action on behalf of "current and former DCS inmates" and "citizens of Nebraska." However, the plaintiff could not certify a plaintiff class or bring a class action because, as a pro se litigant, he could not represent other parties. "Every court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action." Craig v. Cohn, 80 F. Supp.2d 944, 946 (N.D. Ind. 2000) (citations omitted). Accord Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). See also Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000): "A litigant may bring his own claims to federal court without counsel, but not the claims of others." Accord Allnew v. City of Duluth, 983 F.Supp. 825, 831 (D. Minn. 1997).

In addition, other inmates signed the complaint as "additional plaintiffs." However, only Mr. Woodruff filed an Application for Leave to Proceed In Forma Pauperis ("IFP"). In the District of Nebraska, when multiple prisoners join as co-plaintiffs in a civil suit, each

1

must pay the entire filing fee either at the outset of the case or in installments if their applications to proceed IFP are granted. Because the other persons who signed the complaint did not pay their own filing fees and did not file their own IFP applications, they cannot be considered co-plaintiffs in this action. Therefore, the only plaintiff in this case is Mr. Woodruff.

Pursuant to Fed. R. Civ. P. 41(a), the court will honor Mr. Woodruff's request to dismiss this case. The dismissal will be without prejudice.

THEREFORE, IT IS ORDERED:

1. That filing no. 8 is granted, and the above-entitled case is dismissed, without prejudice, at the plaintiff's request;

2. That all other pending motions are denied as moot; and

3. That judgment will be entered accordingly.

May 9, 2006.                    BY THE COURT:

                                s/ *Richard G. Kopf*
                                United States District Judge

2